EDWARD RANDALL v. E. M. COLLINS, EXECUTRIX.[1]

(Case No. 1272.)

1. FRAUDULENT RETURN OF SERVICE — PAROL EVIDENCE CONTRADICTING.— In a proceeding or cross-bill to set aside a judgment by default in favor of a party who fraudulently procured the record to show service, parol evidence contradicting the officer's return will be heard.

2. SAME.— *Quære* by the court: Is such evidence admissible when the judgment plaintiff was innocent of conniving at or procuring the false return?

3. SAME — EVIDENCE MUST BE CLEAR.— The evidence contradicting the return must be clear and satisfactory.

4. SAME.— See this case for evidence held insufficient.

5. THIRD NEW TRIAL — ERROR OF LAW.— The error is in matter of law where a verdict is based on such insufficient evidence, and a third verdict will be set aside.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

The facts are stated in the opinion and in the former reports of the same case. House & Co. v. Collins, 42 Tex., 487; Randall v. Collins, 52 Tex., 435.

*Moore & Burnett*, for appellant.

*Nunn & Williams*, for appellee.

GOULD, CHIEF JUSTICE.— This case is before us for the third time. When first here the answers of defendant were treated as a cross-bill in equity to set aside a judgment by default, the averments being that Burnett had been instrumental in making the record

[1] NOTE BY REPORTER.— This case was decided at the Galveston term, 1881, and inadvertently omitted in the proper volume. Since that time the record and briefs were destroyed by fire, but the opinion book was saved.

falsely show service on Collins, and that the latter had thereby been deprived of any opportunity to make available the legal defense which it is claimed that he had.   42 Tex., 492.

When here a second time, the judgment was reversed because of an error in the charge, and because there was no satisfactory evidence of the alleged fraud, or to contradict the return of service. 52 Tex., 435.   On the last trial, the court in its charge allowed the jury to find for the defendant if the evidence satisfied them that Collins was not actually cited, and had a valid defense which he might have made, thus treating it as unnecessary to establish the alleged fraud in Burnett.   Under this charge, and with substantially the same evidence heretofore held insufficient to contradict the return of service, the jury again found in favor of defendant.   Was this charge correct?   Will a court of equity hear evidence to impeach a judgment by contradicting the sheriff's return of service in any other case than where the plaintiff has procured or connived at the false return?   The principles of natural justice require a person to have notice of a suit before he can be conclusively bound by its results.   18 How., 404.   On the other hand, public policy forbids the verity of the records of courts of justice to be assailed by parol evidence.   Lawler v. White, 27 Tex., 253.

The previous decisions of this cause in this court affirm that equity, notwithstanding that rule of policy, will interfere as against a party who fraudulently procured the record to show service, and will hear parol evidence to show the facts in opposition to the officer's return.   Whether the same rule will prevail as against a party innocent of conniving at or procuring the false return, is a question of importance which the two members of the court who sit in this cause, regarding as one of doubt and difficulty, feel justified in passing, its decision not being necessary.   We, however, refer to a few of the authorities which bear upon it.   Walker et al. v. Robbins, 14 How., 584; Driver v. Cobb, 1 Tenn. Ch., 490; Stubbs v. Leavitt, 30 Ala., 352; Coit v. Harm, 30 Conn., 199; Newcomb v. Davey, 27 Iowa, 381; Wilson v. Montgomery, 14 S. & M.; Bell v. Williams, 1 Head, 227; Johnson v. Coleman, 23 Wis., 452; Shuford v. Cain, 1 Abbott, U. S. C. C., 306; Freeman on Judgments, secs. 495–499; Wells' Res Adjudicata, chs. 33–5, and sec. 568.   But assuredly, if equity will allow one who has been guilty of no fault or negligence to contradict the sheriff's return by parol evidence for the purpose of having an unjust judgment by default set aside, we are of opinion that it should require the evidence to be clear and satisfactory. It is not like an ordinary issue of fact, to be determined by a

mere preponderance of testimony. In the case of Driver *v.* Cobb, *supra*, Chancellor Cooper says: " Nor will one witness alone suffice to successfully impeach the return, for that would only be oath against oath. In analogy to the denials or averments of a sworn answer upon the defendant's knowledge, there should be two witnesses, or one witness with strong corroborating circumstances. And without reference to this rule, upon general principles, it would seem essential to the peace and quiet of society that these solemn official acts should not be set aside with the same ease as an ordinary act *in pais.*"

The supreme court of Iowa, speaking of the similar case of impeaching a judgment on the ground that the attorney who entered an appearance was not authorized to do so, say: " In all cases the right should be clear, the injury palpable and the evidence convincing. The reason for this is manifest in the consideration that after the lapse of time it is very easy for a party to say, and under our law to swear, that an attorney who is perhaps dead, had no authority to represent him, and correspondingly difficult for the other party to show the contrary. The true inference from this is, not to hold the unauthorized judgment valid, but to require the party assailing it to make a clear case, and to hold that a mixed case will not do." 20 Iowa, 185–6.

Leaving out of view the evidence corroborating the return, we are of opinion that the evidence tending to show that Collins was not cited, falls short of what the law requires in such cases. In effect that evidence amounts to this: That the officer by whom the service purports to have been made — testifying twice, eight and nine years after the transaction — at first could not recollect any such service, and because he kept memoranda of his official acts, and had none of this; and further, because by agreement with his principal — an agreement which he acted on — he was not to execute process in that part of the county, he did not believe that the process was served by him. Subsequently, however, his memory having been refreshed, he changes his opinion, and admits having some recollection of serving some process on Collins.

The sheriff testifies to the same agreement, and further that he required his deputies to report their official acts to him, and he kept a record of all such acts in a book, but found no record of such service. To this it is to be added that Collins was a man of prudence and good business knowledge and habits, one likely to know and avail himself of the defense that he had not been sued in time to bind him as indorser. Beyond this there is nothing else. These

are circumstances which might throw some doubt or suspicion on the question of service, but they are circumstances insufficient to establish satisfactorily that Collins was not served.

Even prudent men and officers are liable to forgetfulness and negligence; and if the judgments of our courts may be set aside, after having stood for years, on such evidence, there will indeed be no end to litigation, no certainty arrived at by any adjudication. This is a case where the jury have erred in matter of law, and, notwithstanding this is the third verdict, we think that the judgment should be reversed and remanded.

REVERSED AND REMANDED.

[Opinion delivered at Galveston Term of 1881.]

Hon. GEO. F. MOORE, Chief Justice at the time the above opinion was delivered, did not sit in the case.