McBRIDE v. KAULBACH et al. (No. 388.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 28, 1918. Rehearing Denied Jan. 8, 1919.)

1. TRIAL ⟨Key⟩85 — OFFER OF EVIDENCE—EVIDENCE INADMISSIBLE IN PART.

Offer of evidence in part consisting of hearsay is properly rejected when offered as a whole.

2. JUDGMENT ⟨Key⟩335(3) — VACATION — EVIDENCE—SUFFICIENCY.

In a bill of review to set aside a judgment, evidence that the children of defendant in the judgment had no knowledge that defendant had been served with citation was too remote to show absence of such service.

3. PROCESS ⟨Key⟩149 — RETURN OF SERVICE—SETTING ASIDE—EVIDENCE.

Two witnesses are required to set aside a deputy sheriff's return on a service of citation, or one witness corroborated by strong, clear, and satisfactory circumstances.

4. JUDGMENT ⟨Key⟩335(3) — VACATION — ABSENCE OF SERVICE — EVIDENCE — SUFFICIENCY.

In a bill of review to vacate a judgment, on the ground that citation had not been served on defendant, in order that negative testimony, that witnesses did not know that the citation had been served, may be given probative force, positive facts that, if service had been made, witnesses would necessarily have known it, must be shown.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Bill of review by Stephen McBride against H. B. Kaulbach and others to set aside a judgment. Judgment for defendants, and plaintiff appeals. Affirmed.

Davis, Johnson, Golden & Handley, of Dallas, for appellant.

Smith & Crawford and John Hancock, all of Beaumont, for appellees.

BROOKE, J. The plaintiff, appellant here, Stephen McBride, of Newton county, Tex., filed a bill of review in the Sixtieth district court of Jefferson county, numbered 13193, styled Stephen McBride v. H. B. Kaulbach et al., seeking to have canceled, annulled, vacated, and set aside judgment against the said Stephen McBride entered on the 4th day of April, A. D. 1911, in cause No. 8277, styled H. B. Kaulbach v. E. F. Montgomery, W. C. Lenahan, and Stephen McBride, in the said Sixtieth district court of Jefferson county, Tex. The judgment entered was for the sum of $6,030, interest, and costs. The case was tried before a jury, and on January 15, 1918, the court instructed the jury to return a verdict for the defendant H. B. Kaulbach. Plaintiff requested the court to submit the case to the jury on special issues, and the court refused said request. Judgment was entered in favor of Kaulbach and against McBride on the verdict of the jury. The case is now before this court for consideration.

The first assignment of error is that the trial court erred in sustaining the objections of defendants to and in failing and refusing to permit the plaintiff to introduce in evidence the testimony of Charley McBride, Penny McBride, and Susie Lewis, all on the question and issue of whether or not the sheriff of Newton county, Tex., by his deputy, T. H. Hext, served the said Stephen McBride with citation and copy of petition out of cause No. 8277, H. B. Kaulbach v. E. F. Montgomery et al., Sixtieth judicial district court of Jefferson county, Tex., as shown by plaintiff's bill of exception.

The propositions under this assignment are:

"(1) The testimony of adult children having to do with the business and affairs of, and living near and with, an old and partially blind parent, is admissible in evidence on the issue as to whether or not said parent was served with citation in a particular suit in the district court; and, with testimony of parent that he was not served, raises an issue of fact to go to the jury.

"(2) Where an old and partially blind parent testified that he was not served with citation in a particular suit, but the return of the officer shows that he was served, and the testimony of adult children having to do with the business and affairs of, and living near and with, said parent, is to the effect that he was not served, such testimony of said children constitutes strong corroborative circumstances, corroborating the testimony of the parent that he was not served in fact with citation, and the testimony should be admitted as part of the record, and the same should be submitted to the jury to determine this issue of service or no service."

On the contrary, it is urged that, when any portion of testimony offered as a whole is objectionable and inadmissible, the court does not err in sustaining objections to and in excluding all of the testimony offered of which said objectionable testimony forms a part.

It seems that the entire testimony offered of said witnesses, in substance, is to the effect that they lived near S. McBride, and were occasionally with him and read to him at times, and had a general knowledge of his business; that they never heard of his (McBride's) being served with citation issued out of the Beaumont case, and were told by said McBride that he was never served. The deposition of Susie McBride contained the following:

"I know this was the first time he (meaning McBride) ever knew of the suit No. 8277, H. B. Kaulbach v. E. F. Montgomery, W. C. Lenahan, and S. McBride, because I came directly on to his house and asked him about the whole matter, and he told me then and there that this was the first time he ever heard of or knew anything about the suit at Beaumont. When I went to my father about the matter, he told me he never heard of the Beaumont suit."

The deposition of Charley McBride contained the following:

"I never heard anything about the suit at Beaumont, Tex., styled H. B. Kaulbach v. E. F. Montgomery, W. C. Lenahan, and S. McBride, until we, including myself, was served with citation by the sheriff of Newton county, Tex., in about August 3, 1917. If he (meaning S. McBride) had been served, I would have known about it. My father would have told me, and I know he was not served."

The tendered deposition of Penny McBride contains the following:

"And was with him (meaning McBride) in February, 1911, before that time, and since that time, and never heard of any such thing as my father being served by Mr. Hext with a citation."

[1, 2] S. McBride testified that in 1910 and 1911 he was traveling around generally, signing notes and deeds and attending to his own business. It appears that appellant offered all of the depositions of the witnesses Charley McBride, Penny McBride, and Susie Lewis together, which contained testimony, which, in our judgment, was hearsay. Upon objections urged by appellee, the entire deposition offered was excluded, and appellant refused to tender only the remaining portions after eliminating the hearsay testimony. We are of opinion that this testimony was not admissible, and in our judgment, when testi-

mony contains objectionable parts, the whole of such offered testimony is inadmissible, and, in order to introduce the admissible portions, it is the duty of the party offering the same to separate the good from the bad and to offer the good alone. The whole of such testimony would not be admissible. Robinson v. Stuart, 73 Tex. 267, 11 S. W. 275; Cole v. Horton, 61 S. W. 503; Hill v. Taylor, 77 Tex. 295, 14 S. W. 366. Furthermore, we might say that the fact that his grown children knew nothing about the service of the citation on him is too remote and indefinite to prove as a fact that he was not served. What they knew, and not what they did not know, is what would tend to give support to the testimony of their father. We have examined the matter presented, and we are of opinion that there was no error in the action of the court in this matter, and the assignment is therefore overruled.

The second assignment of error complains that the trial court erred in giving to the jury a peremptory instruction as follows:

"You are charged that the evidence in this cause as a matter of law fails to show that plaintiff is entitled to recover, and you are instructed to return a verdict for the defendant H. B. Kaulbach"

—for the reason that the pleadings of the parties and the testimony introduced and offered to be introduced by the plaintiff in this case raise issues of fact as to whether or not the return made by the sheriff of Newton county, Tex., by and through his deputy, T. H. Hext, was true or not, and whether or not Stephen McBride was actually served with citation and copy of petition, or either of them, in case No. 8277, H. B. Kaulbach v. E. F. Montgomery et al., Sixtieth judicial district court, Beaumont, Tex.; and whether or not the said notes sued on by H. B. Kaulbach in said cause No. 8277 were signed by Stephen McBride or by his authority; and whether or not the right of said Stephen McBride to pursue his remedy herein by bill of review is barred by the statutes of limitation; and said issues of fact should have been submitted to the jury for determination.

The propositions under this assignment are:

"Where it appears that the return on the citation shows service on a defendant in a suit and judgment by default was taken, but said defendant testifies that he was never served and knew nothing about the suit or the transactions covering the subject-matter of the suit, and where it further appears that the officer making the return lived for many years during his childhood near the defendant and has known said defendant since said time, and yet such officer does not remember to have ever served said defendant with citation in the particular suit mentioned or in any other suit—such conditions and facts constitute strong corroborative circumstances supporting the testimony of the party claiming and testifying that he was not served, and the issue of service or no service should be submitted to the jury for determination.

"Where a party, in a bill of review seeking to set aside judgment by default on notes alleged to have been executed by him, denies that he was served with citation or notice of said suit, and denies under oath the execution of said notes by himself or by his authority, and gives testimony in support of his sworn plea, the issue of a meritorious defense to said original suit is raised, and such issue should be submitted to the jury."

And also:

"Limitation will not begin to run against the right of a party to file and prosecute a bill of review until he knew that a cause of action existed."

On the contrary, it is urged that two witnesses are required to set aside an officer's return, or one witness corroborated by strong, clear, and satisfactory circumstances; and that the witness S. McBride, who testified that he was not served with citation in the year 1911, is not corroborated by strong, clear, and satisfactory circumstances by the testimony of his adult children, who reside in the same community, to the effect that they had a general knowledge of their father's business, had read for him at times and were occasionally with him, and did not know and had never heard of their father being served with citation, and that during said time their father was traveling over the country generally and attending to his own business and signing notes, etc.; and further that the trial court did not err in instructing the jury to return a verdict for the appellee, because, under the facts admitted and the excluded testimony, had it been admitted, the verdict is supported by an overwhelming preponderance of the testimony and no other verdict would be permitted to stand.

The officer's return of the citation shows that a copy of citation and a certified copy of plaintiff's original petition was delivered to S. McBride in Newton county on February 18, 1911, by T. H. Hext, Deputy Sheriff. T. H. Hext testified:

"I made this return and it speaks the truth. As to whether I delivered said citation addressed to S. McBride to any other person except himself, I answer that I did not. I delivered as stated in my return on the citation to S. McBride. I never made a return of a citation while I was serving as deputy sheriff of Newton, Tex., stating that I had served a defendant in person with citation, when in truth and in fact I did not do so.

"The notary public taking my deposition has shown me a letter dated March 22, 1911, written from Newton, Tex., as follows:

"'Mr. Geo. D. Anderson, Beaumont, Texas: Yours of the 20th to hand and in reply will say, we served those citations immediately after we received them, and send you our returns. Got service on all three of the men named, E.

F. Montgomery, and W. C. Lenehan, S. McBride.

"'Thanking you for past favors, we are
"'Your friend,          T. H. Hext, Deputy.'
"I wrote this letter, and the facts stated in said letter are true. I signed the letter myself."

[3] The authorities seem to be in support of the proposition that two witnesses are required to set aside an officer's return, or one witness corroborated by strong, clear, and satisfactory circumstances. Randall v. Collins, 58 Tex. 231; Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 908; Swearingen v. Swearingen, 193 S. W. 442; Connell v. Galligher, 36 Neb. 749, 55 N. W. 232; Matchett v. Liebig, 20 S. D. 169, 105 N. W. 170; Godshalk v. Martin, 200 S. W. 535. Our Supreme Court, in the case of Randall v. Collins, supra, said that there should be two witnesses, or one witness with strong corroborating circumstances, and in the case of Swearingen v. Swearingen, the Court of Civil Appeals said:

"The evidence must be clear and satisfactory; also, that there should be two witnesses, or one witness with strong corroborating evidence."

In the case of Pierce-Fordyce Oil Co. v. Staley, 190 S. W. 814, there is a very clear discussion of the proposition. The court says:

"That part of the opinion, that evidence to set aside a judgment must clearly and satisfactorily contradict the sheriff's return, seems to be the general rule, without any opposing authority that we are able to find, in other jurisdictions. * * *

"The Supreme Court said, relative to the impeachment of the return of citation: 'It is not like an ordinary issue of fact, to be determined by a mere preponderance of testimony.' We admit, of course, that the obligation of the rule would not require uncontradicted proof, and, necessarily, it is hard to determine and enunciate just what quantum of proof would meet the rule so as to demonstrate an equitable application to a record except one of exclusion."

From what has been quoted above, it will be seen that all of the authorities uniformly support the proposition that a mere preponderance of the testimony is insufficient to set aside an officer's return, but the evidence must be certain, clear, satisfactory, and convincing, with no uncertainties and with no presumptions in support of same. It does not require that the proof be beyond a doubt, neither will uncertain and unsatisfactory circumstances raising a doubt or suspicion be sufficient to corroborate a witness who contradicts the officer's return. The rule of law being as above stated, the facts in the instant case, after being inquired into, will show that the witness S. McBride, who is 83 years of age and blind and bedridden for two years, testifies that seven years ago he was not served with citation. At that time he was active and was traveling over the country attending to his own business and signing deeds, notes, etc. In the same community with him resided his three grown children, who testify that they had a general knowledge of their father's business, read papers for him at times, but they were only occasionally with him, and that they did not know of such service of citation and had never heard of same. These are the only circumstances offered, save and except the fact that the deputy sheriff, Hext, had no individual recollection of making the service. Hext did testify that he made the return and wrote a letter within a few days after the return, and that the facts stated in the return and the letter were true.

In the case of Pierce-Fordyce Oil Co. v. Staley, supra, a like question was under discussion, and the court says:

"Homer Evans, the constable of Staley's precinct in Wilbarger county, though he had no independent recollection of the fact of personal service upon the defendant Staley, positively testified that it was his official signature to the return on the citation, and that, as constable, he personally served all papers. It is clearly deduced from his testimony that from those facts he knew that he served the writ and made the return thereupon; otherwise, his signature thereto would not have been in existence. Without citing the authorities on evidence, this is clearly original and probative testimony of the fact recited in the instrument."

[4] Therefore, in our judgment, in order for negative testimony of this character to be given any probative force, it is necessary, in connection therewith, to offer positive facts showing that had the service been made the witnesses would necessarily have known it, and in our judgment it is not sufficient that they might have known of it, or that they would probably have known it.

The Supreme Court, Judge Gould delivering the opinion, in the case of Randall v. Collins, supra, used the following language:

"Leaving out of view the evidence corroborating the return, we are of opinion that the evidence tending to show that Collins was not cited falls short of what the law requires in such cases. In effect that evidence amounts to this: That the officer by whom the service purports to have been made—testifying twice, eight and nine years after the transaction—at first could not recollect any such service, and because he kept memoranda of his official acts, and had none of this, and further because by agreement with his principal (an agreement which he acted on) he was not to execute process in that part of the county, he did not believe that the process was served by him. Subsequently, however, his memory having been refreshed, he changes his opinion, and admits having some recollection of serving some process on Collins.

"The sheriff testifies to the same agreement, and further that he required his deputies to report their official acts to him, and he kept a record of all such acts in a book, but found no record of such service. To this it is to be added that Collins was a man of prudence and

good business knowledge and habits, one likely to know and avail himself of the defense that he had not been sued in time to bind him as indorser. Beyond this there is nothing else. These are circumstances which might throw some doubt or suspicion on the question of service, but they are circumstances insufficient to establish satisfactorily that Collins was not served.

"Even prudent men and officers are liable to forgetfulness and negligence; and if the judgments of our courts may be set aside, after having stood for years, on such evidence, there will indeed be no end to litigation, no certainty arrived at by an adjudication. This is a case where the jury have erred in matter of law, and, notwithstanding this is the third verdict, we think that the judgment should be reversed and remanded."

We are of opinion that the case of Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870, does not support appellant's proposition. The assignment is overruled, and, after a careful examination of the record, we are of opinion that the case has been correctly tried, and that the court committed no error, and therefore the judgment of the court below is in all things affirmed.