GRAYCE OIL CO. v. VARNER. (No. 2302.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1924.)

**1. Process ☞149—Burden upon party impeaching officer's return to do so by clear and convincing evidence.**

The burden is upon him who seeks to impeach an officer's return upon process to do so by clear and satisfactory evidence.

**2. Process ☞149—Degree of proof necessary to impeach officer's return upon process stated.**

The verity of an officer's return upon process is conclusive to such an extent that the testimony of two witnesses, or of one strongly corroborated by other evidence, is ordinarily necessary to impeach the return.

**3. Judgment ☞17(10) — Testimony held to sustain sheriff's return that citation was served on agent of defendant corporation.**

On hearing of motion to set aside default judgment, entered against defendant corporation, testimony of two witnesses *held* sufficient to sustain fact, as disclosed by sheriff's return, that service of citation was made on C., and that he was an agent and a stockholder of defendant corporation.

Error from District Court, Wichita County; P. A. Martin, Judge.

Action by S. R. Varner against the Grayce Oil Company. A default judgment was entered against defendant, which trial court refused to set aside on motion, and defendant brings error. Affirmed.

Weeks, Morrow & Francis, of Wichita Falls, for plaintiff in error.

W. L. Scott, of Wichita Falls, and W. T. Carlton, of Harlingen, for defendant in error.

HALL, C. J. Defendant in error, Varner, recovered a judgment by default against plaintiff in error, Grayce Oil Company, January 15, 1923, in the sum of $500. At the same term of the court the company filed its motion to set aside the judgment and for a new trial upon the ground that the citation had not been served upon any one upon whom the law authorized such service to be made, that the petition did not give the name of any local agent or other representative or any officer of the company upon whom process should be served. The sheriff's return is as follows:

"Came to hand this 19th day of September, 1922, at 10 o'clock a. m. and executed the 22d day of September, 1922, by delivering to Grayce Oil Company, by delivering to Mr. Campbell, its agent, the within named defendant, in person a true copy of this writ."

The motion to set aside the judgment was heard by the court and overruled on March the 31st, during the same term of the court. W. R. Hill, cashier of the bank at Burkburnett, where the Grayce Oil Company kept its account, testified that S. J. Campbell signed checks on the company's account, opened by him, that the account was originally carried in the name of Stanley J. Campbell and afterwards transferred to the Grayce Oil Company. Varner testified that the company had oil leases at Burkburnett, and that S. J. Campbell was superintendent of its business there, and employed him to drill for the company on said leases, and had paid him $1,500 at one time and $1,200 when the well was completed, and that Mr. Campbell accepted the well. The witness testified that he was employed by S. J. Campbell and paid by him for work in drilling another well for said company, that he drilled two wells for the Grayce Oil Company, and that S. J. Campbell gave him a check for his money each time. Harry Weeks, one of the company's attorneys, testified that in September, 1922, S. J. Campbell left a citation in the case at his office, and that it was his intention to file an answer in the case, that Campbell discussed the facts with him at that time. He further testified that he wrote the charter under which the Grayce Oil Company was organized, that S. J. Campbell, Walter K. Campbell, and Carl Purcell were the incorporators. It was shown that S. J. Campbell owned $5,000 of the capital stock of the company, and that the citation had been served upon S. J. Campbell. In E. P. & S. W. Ry. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855, Neill, Justice, said:

"It is not essential, though perhaps the better practice in suits against corporations, for the petition and citation to state the local agent or general manager of the defendant upon whom service is to be made, but an omission to do so invalidates neither the petition nor citation. * * * While it is a general rule that the return on a citation, made by an officer competent to serve the writ, of the fact and mode of service, if in due form, is ordinarily conclusive upon the parties to the record, yet it seems that in this state, in a suit against a corporation, when its local agent or other officer upon whom service may be had is not named in the citation, the sheriff's return showing service upon such agent or officer is not conclusive of the fact that he was such agent or officer, but such fact may be put in issue (G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 568); and that, if judgment by default has been taken against a corporation, it can, either by motion or original suit, have the judgment set aside by proving that the person cited was not its agent or officer authorized by law upon whom service can be had. Houston & T. C. Ry. v. Burke, 55 Tex. 323, 40 Am. Rep. 808."

[1-3] The burden is upon him who seeks to impeach an officer's return upon process to do so by clear and satisfactory evidence. The verity of the return is conclusive to such an extent that the testimony of two witnesses, or of one witness strongly corroborated by other evidence, is ordinarily necessary. Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731; McBride v. Kaulbach (Tex. Civ. App.) 207 S. W. 576; Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 908. The testimony is unquestionably sufficient to sustain the fact that service of the citation in this case was made upon S. J. Campbell, and that he was an agent and a stockholder of the company.

The judgment is affirmed.