BARKATE v. ALLEN.   (No. 1371.)

(Court of Civil Appeals of Texas. Beaumont. March 11, 1926.)

1. Process ⊕149—Evidence held insufficient to sustain finding by jury that plaintiff, as defendant in former suit, was not served with citation.

Evidence in suit to set aside judgment *held* insufficient to sustain finding by jury that plaintiff, as defendant in former suit, was not served with citation.

2. Appeal and error ⊕1175(5)—Insufficiency of evidence to sustain finding upon which trial court set aside and canceled judgment required Court of Civil Appeals to enter judgment that trial court should have rendered.

Insufficiency, as matter of law, of evidence to sustain finding of fact upon which trial court set aside and canceled judgment in former suit, required Court of Civil Appeals to enter judgment that trial court should have rendered.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by Duncan Allen against Joseph Barkate, to set aside and vacate a judgment in a former suit obtained by defendant against plaintiff, and for injunction. From a judgment granting relief prayed for, defendant appeals. Judgment reversed, set aside, and canceled, and judgment in former suit restored to full force and effect.

Howth, Adams & Hart, of Beaumont, for appellant.

Wistner & White, of Port Arthur, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of the county court of Jef-

ferson county at law in favor of the appellee, Duncan Allen, canceling and holding for naught a judgment against him in favor of appellant, Joseph Barkate, rendered by the same court on November 7, 1924, for the sum of $354.40, as the balance due on a note that had been executed by Allen in favor of Barkate, and in that judgment a chattel mortgage lien on three mules was foreclosed in favor of Barkate, and an order of sale was decreed that the mules be sold and the proceeds of the sale applied in payment of that judgment.

Now this suit was filed by the appellee, Allen, with a view and for the purpose of canceling and setting aside the judgment against him in the former suit, which was by default, and, as grounds for the relief here sought, appellee alleged, in substance, that he was never served with citation in the former suit, styled Joseph Barkate v. Duncan Allen, and carrying the number 7108, and that he never appeared or answered in that suit, and that no one was authorized to appear and answer for him, and that, in fact, no one did so. And, as a further ground for the relief here sought, he alleged, in substance, that he was not indebted to Barkate at the time Barkate filed the suit against him in cause No. 7108, and that he was not indebted to Barkate at the time the judgment in that cause was taken against him by default, and that it would be unjust and inequitable if he were compelled to pay that judgment, or any part thereof.

Appellee in this suit also alleged, in substance, that Barkate was threatening to have an order of sale issued and executed under the former judgment, and would have executions issued thereunder, and that his property would be sold in satisfaction thereof, unless Barkate should be enjoined from taking such steps, and he prayed for a temporary writ of injunction accordingly, and that the temporary writ be made permanent upon final hearing.

The Honorable C. N. Ellis, judge of the county court of Jefferson county at law, granted the temporary writ of injunction prayed for by appellee in this suit, and thereafter appellant here made a motion to dissolve the writ, which motion was sustained, provided appellant would execute a bond in favor of appellee in the sum of $750. Appellant was unable to execute such bond, and the temporary writ was never, in fact, dissolved.

The cause remained upon the docket of the trial court, and when it came to trial on its merits it was submitted upon special issues to a jury, and the verdict was in favor of appellee here.

[1] The jury found, in substance, in answer to one of the special issues, that the appellee, Duncan Allen, was not served with citation in the former suit between the parties in which the default judgment was rendered, and further found, in answer to a special is-

sue, that appellee was not indebted to appellant at the time the former suit was filed and at the time the judgment in that suit was rendered.

Both these findings of fact by the jury are assailed by appellant here, and the judgment sought to be reversed on the ground that the evidence was wholly insufficient to sustain either of the above findings of the jury.

It is unnecessary for this court to determine as to the jury's finding that appellee in this suit was not indebted to appellant in the former suit at the time it was filed and the judgment therein was rendered, though we doubt very seriously the sufficiency of the evidence to support the jury's finding on that point. We have reached the conclusion, however, that the evidence adduced upon this trial was wholly insufficient to sustain the jury's finding that appellee in this suit was not served with citation in the former suit between the parties in which the default judgment was rendered. The officer's return on the citation in that suit expressly shows that the appellee here was served in due time in the former suit, and, in addition to that, the deputy sheriff who served the citation in the former suit testified positively that he had a distinct recollection of having served the appellee in that suit, that he had known him at that time for several years, and he stated in detail where the service was had, etc. The appellee here nowhere positively denied that he was duly served with citation in the former suit, but stated most strongly in favor of appellee his evidence in this case was, in substance, that he did not remember having been served with a citation in the former suit. He stated, in substance, that he did not dispute the positive testimony of the deputy sheriff as to the service in the former suit, but repeated that he had no recollection of having been served, in fact, in that suit. This was the sum and substance of the testimony as to the service of citation in the former suit, and we hold that it was insufficient as a matter of law to warrant a finding by the jury and the judgment of the court in this cause that appellee was not served with citation in the former suit.

Our views on this question have been expressed in the case of Joseph v. Kiber, 260 S. W. 271. We there discussed at some length the quantum of proof that is required to set aside a judgment by default, where the officer's return expressly shows service on the defendant in the judgment, and the judgment shows service, and no useful purpose would be served by another discussion in this case. See, also, Randall v. Collins, 58 Tex. 231; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 422; Godshalk v. Martin (Tex. Civ. App.) 200 S. W. 535; McBride v. Kaulbach (another opinion by this court) 207 S. W. 576; Grayce Oil Co. v. Varner (Tex. Civ. App.) 260 S. W. 883; Quinn-Marshall Co.

v. Hurley, 272 S. W. 402, 209 Ky. 154; Crawford v. Gibson (Tex. Civ. App.) 202 S. W. 375; Becker v. Becker (Tex. Civ. App.) 218 S. W. 542; Gatlin v. Dibrell, 11 S. W. 908, 74 Tex. 36.

[2]. Being of the opinion that the evidence in this case was insufficient as a matter of law to sustain or raise the issue that appellee was not duly served with citation in the former suit between the parties, it is our duty to here render the judgment that the trial court should have rendered upon conclusion of the evidence upon the trial below.

It is therefore ordered, adjudged, and decreed by this court that the trial court's judgment in this case, canceling the judgment in favor of appellant in the former suit, be reversed, set aside, and canceled, and that the judgment in the former suit remain in full force and effect, and, further, that the court's order perpetuating the temporary injunction in this suit in favor of appellee be in all things set aside and held for naught.