## MENDLOVITZ v. SAMUELS SHOE CO.
### (No. 7966.)

Court of Civil Appeals of Texas. San Antonio.
March 28, 1928.

Rehearing Denied April 25, 1928.

**1. Trial ⬥176—Defendant requesting directed verdict waived right to have defense submitted to jury, and direction of verdict for plaintiff requires assumption that finding was for plaintiff on law and facts.**

Where defendant did not request that issue covering defenses be separately submitted as special issue covering ground of defense, but requested directed verdict in his behalf, right to have issue found by jury was waived, and it must be assumed by instructed verdict for plaintiff that court found for plaintiff both on question of law and fact.

**2. Judgment ⬥540, 821—Judgments, whether foreign or domestic, are mere prima facie evidence of truth.**

All judgments, whether foreign or domestic, are mere prima facie evidence of truth.

**3. Judgment ⬥419, 443(1), 818(2), 820—Judgments, foreign or domestic, may be attacked for want of jurisdiction by court, want of service, or fraud in procurement.**

Judgments, whether foreign or domestic may be attacked for want of jurisdiction in court trying same or for want of service or fraud in procurement.

**4. Judgment ⬥944—Evidence of foreign judgment and other proof showing personal service held conclusive against defendant's uncorroborated testimony denying facts.**

In action on foreign judgment defended on ground of fraud or mistake because of want of proper service on defendant, evidence of judgment record showing personal service and proof aliunde the record showing service and appearance of defendant through attorney at trial *held* conclusive as against mere testimony of defendant denying facts, which, being uncorroborated, was not sufficient to overturn prima facie and direct testimony supporting judgment.

**5. Judgment ⬥461(3), 944—Foreign or domestic judgments cannot be attacked except on satisfactory evidence and are subject to same rule as respects construction of officers' returns.**

Solemn judgments, whether foreign or domestic, cannot be attacked except upon abundant and satisfactory evidence, there being no different rule applicable in connection with construction of officers' returns as respects foreign or domestic judgment.

**6. Corporations ⬥673—Defendant sued on foreign judgment had burden of proving facts requiring foreign corporation to obtain permit to do business in state before maintaining suit.**

In suit on foreign judgment by corporation, burden was on defendant to plead and prove facts that required foreign corporation to obtain permit to do business in state before maintaining suit.

**7. Commerce ⬥40(2)—Corporations ⬥661 (6)—Sale in state by traveling salesman of foreign corporation and shipment of goods from foreign state held interstate commerce, and alone was insufficient to require permit for corporation to maintain suit.**

Where defendant in Texas purchased merchandise from traveling salesman of Missouri corporation, and merchandise was shipped direct to defendant from St. Louis, transaction constituted interstate commerce, and in absence of other evidence corporation was not shown to be engaged in business in state as foreign corporation requiring it to obtain permit to do business in state before maintaining suit.

**8. Appeal and error ⬥174—Issue of permit, required of foreign corporation before maintaining suit, not raised by dilatory plea, must be held waived.**

Where issue as to requirement of foreign corporation of permit to do business in state before maintaining suit was not properly raised in trial court by any dilatory plea, it must be *held* to have been waived.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Action by the Samuels Shoe Company against George Mendlovitz. Judgment for plaintiff, and defendant appeals. Affirmed.

Alvin P. Mueller, of Seguin, for appellant.
Hertzberg & Kercheville, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant in the justice court of Guadalupe county to recover on a foreign judgment for $152.88, with 6 per cent. interest and for costs. This judgment was rendered by justice court of the fourth district in the city of St. Louis, Mo.

On appeal to the county court it was tried de novo. Appellant filed among other defenses a sworn answer that the judgment was procured by fraud or mistake, because he had never been properly served by citation or other process, nor did he waive service, appear, or answer to the suit, or authorize any other person to do so for him. The case was tried by the court with a jury, and the jury was instructed to return a verdict for appellee.

The evidence offered by the appellee consisted of the proceedings had in the trial court in St. Louis. The testimony shows this suit was brought on a judgment rendered by a justice court of the state of Missouri. Appellee, who was plaintiff below, in support of its cause of action introduced in evidence a properly certified copy of the transcript of the proceedings in the justice court in Missouri, which transcript contained a copy of the judgment which was sued on. This certified copy of transcript recites that personal service of citation was had upon George Mendlovitz, who was the defendant there and who is appellant here. This certified copy of

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

transcript also shows on its face that the case was set for trial several times and each time continued to a later date by consent. The judgment itself recites that all parties appeared and announced ready for trial. Appellee also introduced in evidence a certified copy of the citation in the Missouri case on which the judgment was rendered, which certified copy of citation showed on its face that personal service of citation was had upon appellant in the state of Missouri where that proceeding was pending. Appellee also introduced in evidence the deposition of the constable who served the citation and this constable testified that he served the citation personally upon appellant in the state of Missouri, as shown by his return on the citation. Appellee also introduced in evidence the deposition of one John E. Murphy, who testified that he was an attorney, that he was employed by appellant to represent him in the suit in Missouri, in which the judgment under consideration was rendered, and that he did appear in said case and represented appellant, and that he secured several continuances of the case, and that the case was finally tried, at which time he introduced evidence on behalf of his client, but that judgment was rendered in favor of the Samuels Shoe Company, appellee herein. The only evidence introduced by appellant was his own testimony, in which he denied that he was personally served with a citation in the Missouri case, and denied that he employed an attorney to appear in the case for him, but admits that he talked the matter over with Mr. Murphy, to whom he was referred as being the collection man for the dry goods house with whom appellant had business, and that he told Mr. Murphy to get the papers which the clerk of the hotel had informed him were left at the office, and that he was informed by Mr. Murphy before he left the state that such papers consisted of a citation for appellant in the case of Samuels Shoe Company against appellant, and that he (appellant) told Mr. Murphy to see if he could adjust the matter with the Samuels Shoe Company, but denied that he authorized Mr. Murphy to appear in the case.

Both parties requested the court to instruct a verdict at the close of the testimony, which request was granted for appellee. The appellee contends that was tantamount to waiving a jury trial and submitting the issues to the court for its determination alone, citing Tiblier v. Perez (Tex. Civ. App.) 277 S. W. 189. Some of the Courts of Civil Appeals have made gestures as though disapproving the case, but suggesting that in the Tiblier Case, supra, no request was made by appellant to go to the jury on the question of fact involved after the motion was overruled. No case is found by the Supreme Court directly involving the question where both sides file a motion for an instructed verdict. The Supreme Court and Commission of Appeals attempt to dis-

tinguish between a mere "issue" and a "ground of recovery or defense."

[1] Here the things relied on by appellant are "defenses." Since appellant did not request that issue covering same be separately submitted as a special issue covering his ground of "defense," but did request a directed verdict in his behalf, the right to have the issue found by a jury must be regarded as waived. It is therefore assumed by the instructed verdict the court found in favor of appellee both on the question of law and of fact. Tiblier v. Perez (Tex. Civ. App.) 277 S. W. 189; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

[2-4] All judgments, whether foreign or domestic, are mere prima facie evidence of its truth. But that does not mean that they cannot be attacked for want of jurisdiction in the court trying the same, or for want of service or fraud in its procurement, for that may always be done in a proper case. The evidence introduced here, in connection with the judgment record showing personal service, the ample proof aliunde the record, showing service, and the appearance of appellant, through his attorney at the trial is conclusive as against the mere testimony of appellant denying the facts.

The testimony of appellant, uncorroborated as it was, was not sufficient to overturn the prima facie testimony as well as the direct testimony introduced by appellee in support of the judgment. Joseph v. Kiber (Tex. Civ. App.) 260 S. W. 269. See, also, Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 909; Wood v. Galveston, 76 Tex. 130, 13 S. W. 228; Randall v. Collins, 58 Tex. 231; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442; McBride v. Kaulbach (Tex. Civ. App.) 207 S. W. 576; Godshalk v. Martin (Tex. Civ. App.) 200 S. W. 535; Barkate v. Allen (Tex. Civ. App.) 282 S. W. 670; Grayce Oil Co. v. Varner (Tex. Civ. App.) 260 S. W. 883; Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870; Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731; Gallagher v. Teuscher & Co. (Tex. Civ. App.) 186 S. W. 409.

[5] If solemn judgments, foreign or domestic, may be attacked except upon abundant and satisfactory evidence, their force and validity would be very much weakened. There can be no different rule that applies in connection with the construction of officers' returns on which a foreign judgment is based, which gives it full force and credit than that which applies to a domestic judgment. We are discussing the degree of proof necessary to meet prima facie cases established by an officer's return recited in a solemn judgment. The proof offered by appellant does not begin to meet the situation and is not clear and satisfactory.

Appellant, of course, was not deprived of his right to attack the judgment, but failed to satisfy the burden the law imposed upon

him with that degree of proof necessary to overcome the prima facie case of appearance in the Missouri case and personal service there, as shown by the citation, testimony of the officer, and the judgment itself. Norwood v. Cobb, 15 Tex. 500; Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458.

[6] It is not apparent that the appellee was engaged in any business in this state as a foreign corporation that required, as urged by appellant, a permit from the state. The burden was on appellant to plead and prove facts and circumstances that required appellee to obtain a permit to do business in the state of Texas before maintaining this suit.

[7] The transaction out of which the judgment was obtained in Missouri was interstate commerce, and the merchandise was purchased by appellant from appellee's traveling salesman, who called upon appellant in Seguin, Tex., and the merchandise was shipped direct to appellant by appellee from St. Louis, thus constituting interstate commerce. Other than this sale there was no evidence offered to show that appellee was engaged in Texas doing any business or made other sales. Panhandle Telephone & Telegraph Co. v. Kellogg Switchboard & Supply Co., 62 Tex. Civ. App. 402, 132 S. W. 963; Washington-Dean Co. v. Crow (Tex. Civ. App.) 1 S.W.(2d) 914.

[8] The issue was not properly raised in the trial court by any dilatory plea, and consequently it must be held as waived. Texas Packing Co. v. St. Louis Southwestern Railway Co. of Texas (Tex. Com. App.) 227 S. W. 1095.

No error is apparent from any assignment or proposition of appellant, all of which we have examined and considered. They are overruled, and the judgment of the trial court is affirmed.