## Staunton.

### ROBINSON v. MAYS, TRUSTEE, OBENSHAIN AND ALS.

#### October 5, 1882.

1. DEEDS OF TRUST—*Releases.*—Conveyance of all debtor's property in trust for benefit of creditors on condition they release debtor, is valid; and *he* cannot assail the deed on the ground that all his property was not conveyed thereby.

2. IDEM—*Idem.*—Where deed does not in terms provide for the execution by the creditors of formal technical releases under seal, no such releases are necessary, and taking benefit of the trust operates *ex proprio vigore* as a discharge of the debtor from personal liability.

3. CHANCERY PRACTICE.—Code 1873, ch. 166, § 6, applies to "judgments by default," and, perhaps, to "decrees on bills taken for confessed," and not where the defendants appear and answer; and the thirty days necessary to elapse in order to ripen a cause for hearing on its merits, are thirty days from the *service*, not the return, of the process.

4. IDEM.—Matters not presented in the pleadings, or involved in the issues, but only inserted in the petition, or introduced in argument, will not be considered by the appellate court.

5. IDEM.—Whether a court, on dissolving injunction to sale under trust deed, should dismiss the bill, or retain it with a view of supervising the administration of the trusts, lies within the discretion of the court. *Hogan* v. *Duke and als.*, 20 Gratt. 244.

Appeal of Lucien B. Robinson from a decree of circuit court of Botetourt county, dissolving an injunction and ordering a sale of his real estate, rendered 3d June, 1880, in a cause wherein he and his wife were complainants, and Robert F. Mays, trustee, Samuel Obenshain, James McDowell and others were defendants.

Opinion sufficiently states the case.

*Edmund Pendleton,* for appellant.

I. Court below erred in dissolving the injunction. The trust deed required all the *c. q. t's* to release before any one could take the benefit. Such release should have been in writing, under seal. The common rule is: "*eodem modo quo oritur eodem modo dissolvitur.*" Bac. Ab. *Release,* A, 1. Such provision is valid. *Skipwith's Ex'or* v. *Cunningham,* 8 Leigh, 271; *Phippen* v. *Durham,* 8 Gratt. 457. But good or bad, the creditors claim under the deed and are bound by its provisions. "*Qui sentit commodum sentire debet et onus.*" Broom's L. M. (7th Ed.), p. 705; *Ker* v. *Wauchope,* 1 Bligh, 21.

II. Court erred in decreeing a sale.

1. The cause was not ripe for hearing on its merits, thirty days not having elapsed since the return of the process executed on the defendants. Bill was filed April 5th, 1880; *subpœna* was returnable to May rules, and the term of the court began 23d May, 1880.

2. An account of liens should have been taken and the priorities settled before a decree of sale. As the pleadings stood, the court properly could only have dismissed the bill or perpetuated the injunction.

3. Before entering decree of sale, the court should have caused a partition of the land among the several owners. The depositions show that such partition, ascertaining the exact locality and bounds of the land to be sold, was necessary to an advantageous sale.

4. Under will of petitioner's father, from whom he derived title to the property, there is grave doubt whether he had any title to the land itself, or power to convey title to it, and this doubt should have been judicially determined before exposing the land at public sale.

*G. W. & L. C. Hansbrough,* for the appellees.

I. There was no error in dissolving the injunction.

1. The answers deny the allegation of the bill that *two* creditors did not request the sale, and there is no proof.

2. The position that "*all* the c. q. t's must release *by writing under seal,* before any *one* could take benefit under the deed, is untenable. Such a provision is certainly valid; see *Gordon and als.* v. *Cannon and als.,* 18 Gratt. 387. But appellant's counsel misconstrues the provision in the case at bar. It does not, *in terms,* require a formal release under seal, and such intention cannot be presumed. Bouvier defines "Release" to be, "abandoning a claim to one against whom it exists." He says, "an express release is one made in terms by deed," &c.; and "an implied release is one that arises from the acts of the creditor." The creditor's acquiescence in the deed, *ex proprio vigore,* effects the grantor's release. In *Phippen* v. *Durham,* 8 Gratt. 457, no express release was executed. In *Lippincott* v. *Barker,* 2 Binney (Penn.), 174, approved by U. S. supreme court in *Brashear* v. *West,* 7 Peters (U. S.), 608, and by this court in *Skipwith* v. *Cunningham,* 8 Leigh, 271, the language of the deed is: "In trust, to convert the property into money and pay the proceeds amongst those creditors who shall in four months execute a general release of all demands against him." The creditors assented to the deed, but did not sign it, or execute a formal release, and the court held that such acceptance was sufficient.

II. Nor was there error in decreeing a sale.

1. Appellant's counsel says "the cause was not ripe for hearing on its merits—thirty days not having elapsed since the return of the process executed on the defendants," &c.

This assignment is founded on a misconception of Code 1873, ch. 166, § 6. The decree was not "by default," but on

bill and answer.  Moreover, the thirty days dates from the *service*, and not from *"the return"* of the process.  And that period did elapse between the *service* and the hearing.

2.  Decree was not erroneous, because no account of liens had been taken.  No question of liens or priorities was raised in the pleadings or at the hearing.  No account was asked for.  Deed specified the debts and the order of payment, and none disputed it.

In all cases where decrees of sale without a previous account of liens have been pronounced premature and erroneous, disputes had arisen in that respect.  See *Smith* v. *Flint*, 6 Gratt. 40; *Lipscombe* v. *Rogers*, 20 Gratt. 658; *Moran* v. *Brent*, 25 Gratt. 104.  Nor was it the duty of the court *merely* to dissolve or to perpetuate the injunction.  It had a discretion to dismiss the bill, or to retain it and direct the execution of the trust.  See *Hogan* v. *Duke*, 20 Gratt. 244.

3.  It is true, the decree is for the sale of certain undivided portions of the tract of land, without previous partition thereof, but it is in accordance with the terms of the deed, and *"modus et conventio vincunt legem."*  Besides, no such objection was made in the pleadings, or at the hearing, and cannot be made now and here for the first time.

4.  Appellant's last assignment looks like an indirect attempt to assail his own deed.  His father's will was referred to in the decree, but in neither bill nor answers was it alluded to or made an exhibit.  No such objection to or cloud on the title was mentioned in the pleadings or at the hearing.

Burks, J., delivered the opinion of the court.

Lucien B. Robinson and wife by deed conveyed certain undivided shares of real estate in Botetourt county to Robert F. Mays in trust for the payment of debts, and with power to make sale of the property for that purpose.  The

trustee had advertised the sale, when he was restrained from all further proceedings under the deed by injunction obtained by Robinson on bill filed in the name of himself and his wife in the circuit court of Botetourt. At the hearing of the cause, the court rendered a decree dissolving the injunction, and expressing the opinion that the further execution of the trust should be conducted under the control of the court, ordered the trustee to proceed to sell the property conveyed by the deed, according to its terms, and report his proceedings to the court.

It is of this decree that Robinson complains on the present appeal allowed him.

The deed contains the following conditions : "The said conveyed property is to remain in the quiet possession of the grantor for one year from the date of this conveyance, and he is to have the full use and enjoyment of the rents and profits of the same to his own use, free from the interference of any of the parties mentioned or secured in this trust deed. And it is furthermore provided expressly that no creditor named in this deed shall have any benefit of this trust unless the grantor is forever released from all individual responsibility for the debts herein secured, and that the creditors are forever barred from collecting from the grantor in any way any unpaid debt or any part thereof at any future day, and only the creditors acquiescing in this deed, and each and every provision thereof, shall have the benefit of the trust property, and the trustee is forbidden to pay any such as decline to accept such provisions."

There is a further stipulation that at the expiration of one year from the date of the deed the trustee, upon the written request of any two of the creditors secured, or upon the order of the grantor, either verbal or written, shall proceed to sell the property conveyed to the highest bidder, upon certain terms prescribed, and apply the proceeds of sale to the payment of the debts in the order named.

The bill charges that, besides the conditions already set forth contained in the deed, there was another on which it was executed, though not expressed on its face—to-wit: that Samuel Obenshain (one of the secured creditors) should pay to Mrs. Robinson four hundred dollars as a compensation for her dower relinquished by uniting in the deed.

The grievances, as alleged in the bill, are, that the conditions before mentioned were never complied with; that the four hundred dollars were never paid to Mrs. Robinson; that none of the creditors have ever released Robinson from personal obligation for the debts secured; that none of them, so far as the complainants are informed, ever requested or directed a sale; and that for these reasons, the trustee had no right or authority to make the sale. There is a further charge that the claim of Samuel Obenshain, secured in the deed, is false and fraudulent as to the amount; that Robinson was imposed upon and deceived by Obenshain in the statement of the debt, and induced improperly to recognize it.

These are all the grounds of complaint set out in the bill.

The allegation as to the agreement to compensate Mrs. Robinson for her dower and the charge of fraud against Obenshain are explicitly denied in the answers, and no evidence was taken to sustain them. In fact, as to these matters there is no assignment of error. And so in respect of the direction to the trustee to sell. The trustee and all the creditors answering, say that full and due authority was given for the sale, and their statements, which are responsive, are not controverted by proof.

The only remaining question raised by the pleadings is as to the release. For the appellant it is contended that no creditor is entitled to the security of the deed until he has discharged the grantor from all personal obligation for

his debt by a formal technical release under seal; that the execution of such a release is a condition precedent to the vesting of any rights in the creditor under the deed. It is admitted that no such release was ever executed by any of the creditors; and if the contention of appellant's counsel is well-founded, the trustee had no power to make sale and the injunction should have been perpetuated.

But we are of opinion that no such technical release as contended for was contemplated by the parties or required by the deed. It is wholly a matter of construction, and certainly no such release is provided for in terms. The language is, that "no creditor named in this deed shall have any benefit of this trust, unless upon the express condition that the grantor is forever released," &c.; not that he shall execute a formal instrument of release, but that the taking the benefit of the trust shall *ex proprio vigore* operate a discharge of the debtor from personal liability. This would seem to be the proper construction of the former part of the clause just quoted, taken alone; but looking to the immediate context, and seeking the meaning *ex consequentibus*, as well as *ex antecedentibus*, as we must do, the propriety of the interpretation given is the more obvious when we read the concluding words, "only the creditors acquiescing in this deed, and each and every provision thereof, shall have the benefit of the trust property, and the trustee is forbidden to pay any such as decline to accept such provisions." Acquiescence and acceptance would seem to be all that is intended in order to secure the benefit of the trust. Acquiescence in the grantor's occupancy of the property for twelve months, as the deed provides, followed by a direction to the trustee to sell, would be an acceptance of the deed; and certain it is, that a sale made by the trustee under such direction would estop the creditors giving the direction from afterwards asserting any claim inconsistent

with the provisions of the deed. They would be precluded by their conduct from so doing.

The objection that "the cause was not ripe for hearing on its merits, thirty days not having elapsed since the return of the process executed on the defendants," is intended, we suppose, to be based on the statute, § 6, ch. 166, Code of 1873, which provides that "no judgment by default, on a *scire facias* or summons, shall be valid, if it become final within one month after the service of the process." ·

If the terms "judgment by default," may be construed as including a decree on bill taken for confessed, still the decree in this case is not obnoxious to the objection urged. More than a month had elapsed after the service of process before decree, and, besides, the decree was not on bill taken for confessed and thus in the nature of a judgment by default, for the defendants appeared and answered.

If there was any merit in the suggestions by way of further assignments of error, that before sale an account of liens should have been taken, inquiry made into the title of the property conveyed and as to the propriety of partition, &c., it is a sufficient answer that no such matters are presented by the pleadings or involved in the issues. The sale was enjoined upon no such grounds, and the only grounds on which the injunction was asked for have been shown to be untenable.

The court did not err, after dissolving the injunction, in retaining the bill with the view of supervising and directing the administration of the trust. Whether this course should have been pursued or the bill dismissed, was a matter within the discretion of the court. *Hogan* v. *Duke and als.*, 20 Gratt. 244. It is remarkable that a party should object to a proceeding that could not possibly injure him, but, on the contrary, was manifestly to his interest.

No question properly arises as to whether the deed could be sustained, if assailed as fraudulent on the ground that

the grantor did not convey all his property, it being essen-- tial to the validity of a deed, like the one in the present case, that substantially the whole of the grantor's property be conveyed. *Skipwith's Ex'or* v. *Cunningham, &c.*, 8 Leigh, 271, and other cases cited in *Gordon and als.* v. *Cannon and als.*, 18 Gratt. 387. None of the parties attack the deed on that ground. The grantor would not be allowed to do it, and the creditors do not impeach but seek to enforce it.

We are of opinion there is no error in the decree, and that it should be affirmed.

DECREE AEFIRMED.