# CHARLESTON.

### DOYAL MOORE v. JOSHUA K. MOORE *et als.*

## Submitted October 2, 1917. Decided October 9, 1917.

1. EQUITY—*Pleading—Variance—Summons.*

    There is not such a variance between an amended and supplemental bill filed in a chancery cause and a summons issued thereon, which commands the defendant to answer a bill in chancery exhibited against him, without describing it as an amended and supplemental bill, as will abate such writ. (p. 19).

2. JUDGMENT—*Orders—Entry by Court.*

    Under the provisions of § 60, ch. 125 of the Code, a circuit court has control over the proceedings in causes pending at rules, and in the event that proper orders are not entered by the clerk at rules they may be entered by the court in term. (p. 19).

3. ABATEMENT AND REVIVAL—*Death of Party—Revival—Statute.*

    Where a defendant in a chancery suit dies, the cause may be revived either by bill of revivor or by *scire facias.* (p. 20).

Question Certified from Circuit Court, Clay County.

Suit for specific performance by Doyal Moore against Joshua K. Moore and others. Motion to strike plea in abatement, and to enter a decree reviving cause against defendants' representatives overruled and plea sustained, and question certified.

                                   . *Reversed and remanded.*

*John B. Morrison* and *J. E. Springton,* for plaintiff.

*B. C. Eakle* and *B. Kemp Littlepage,* for defendants.·

RITZ, JUDGE:

The plaintiff Doyal Moore instituted a suit in chancery in· the circuit court of Clay county against Joshua K. Moore, for the purpose of enforcing the specific execution of a contract for the sale of real estate alleged to have been made by the said Joshua K. Moore with the deceased father of the said Doyal Moore. The defendant Joshua K. Moore demurred to the bill and answered the same, and the court being of opinion that the widow of 'plaintiff's father was a necessary party to the suit sustained the demurrer and remanded the cause to rules for the purpose of bringing in such necessary party. An amended and supplemental bill was filed at rules by the said Doyal Moore and his mother as plaintiffs against the said Joshua K. Moore, and process was issued thereon and served upon the said Joshua K. Moore, returnable to May rules, 1915, at which rules the clerk entered the proper order showing the filing of the bill, return of the process executed and decree *nisi.* At June rules the clerk also entered the rules showing the bill taken for confessed and cause set for hearing. At the next term of the court thereafter the plaintiffs suggested the death of the defendant Joshua K. Moore, and asked that a writ of *scire facias* be awarded reviving said suit against his administrator and heirs-at-law. This motion was granted and the writ of *scire facias* duly issued and executed upon the defendants therein. One of said defendants at the rules at which said writ was returnable tendered a plea in abatement charging in said

plea that there was a variance between the process issued upon the amended and supplemental bill and the bill itself, in this, that the process commanded the said Joshua K. Moore to answer a bill in chancery without in anywise describing it as an amended and supplemental bill, and further charging that the action of the clerk in setting said cause for hearing at June rules, 1915, was void, for the reason that the defendant Joshua K. Moore died on the first day of said June rules; that the case was improperly on the trial docket, and the court was without authority to enter the order awarding the writ of *scire facias.* The plaintiffs moved the court to strike out said plea in abatement and enter a decree reviving said cause against the personal representative and heirs-at-law of the defendant Joshua K. Moore, but the court overruled said motion and sustained said plea, and certifies to this court for its determination the question of whether or not the matter set up by said plea is ground for abating the writ issued upon the amended and supplemental bill and the writ of *scire facias.*

Does the fact that the process sued out on the amended and supplemental bill fails to require the defendant to answer an amended and supplemental bill constitute ground of abatement? We think this variance is immaterial. The amended and supplemental bill filed in the clerk's office fully informed the defendant what he had to meet. The process notified him that a bill in chancery had been filed against him. An application at the clerk's office would have informed him of the nature of that bill and of the cause of action sought to be enforced against him thereby. The variance is not such a one as could mislead or prejudice the defendant in any way. It is therefore not ground for abating the suit. *Koen* v. *Brewing Co.,* 69 W. Va. 94; *Snyder* v. *Philadelphia Co.,* 54 W. Va. 149; *White* v. *Sydenstricker,* 6 W. Va. 46.

Is the defendant's contention that the circuit court was without authority to award the writ of *scire facias* for the purpose of reviving this cause well taken? It is insisted that the action of the clerk at June rules in setting the cause for hearing was void, because of the death of the defendant, and

that the suit, for that reason, not being properly upon the trial docket, the court was without authority to enter any order therein. We cannot give assent to this proposition. The circuit court in term has as much authority over a case at rules as it has over a case on its trial docket. Every pending suit, whether at rules or on the court docket, is subject to be dealt with by the court. Assuming that the contention of the defendant, that the rules taken by the clerk were void, is correct, and that the cause was improperly on the docket, it is not only within the authority of the court to enter such order as should have been entered by the clerk at rules, but it was the court's duty to do so upon proper motion. Section 60, ch. 125 of the Code confers upon the court full authority to supervise or correct any of the proceedings at rules or make any orders concerning the same that may be just, and if it can be said that the proper order to have been entered at rules was one awarding a writ of *scire facias* against the administrator and heirs-at-law of the deceased, as contended by the defendant, and the clerk failed to do so, it was entirely proper for the court to enter such order as the clerk should have entered, and direct such proceedings to be taken as the clerk should have taken at rules. Kittle on Law of Rule Days, §18.

The proceeding to revive this cause by writ of *scire facias* instead of by a bill of revivor is authorized by §4, ch. 127 of the Code. Under that section it is not necessary that a bill of revivor be filed and process had thereon in order that a suit in chancery be revived on the death of one of the parties thereto. Such revivor may be effected by a writ of *scire facias* as well as by bill of revivor. *Reid* v. *Stuart's Executor*, 20 W. Va. 382; *Bock* v. *Bock*, 24 W. Va. 586; *Gainer* v. *Gainer*, 30 W. Va. 390.

Our conclusion is that the action of the court in refusing to strike said plea from the record and holding the same good was erroneous. The decree will therefore be reversed, and a decree entered here striking said plea in abatement from the record and remanding the cause.

*Reversed and remanded.*