# CHARLESTON.

John B. Stepp *v.* The State Road Commission *et als.*

(No. 6344)

Submitted November 20, 1929. Decided December 10, 1929.

*Randolph Bias,* for appellees.

*J. Walter Copley,* Prosecuting Attorney of Mingo County, *Chlide Nelms* and *Goodykoontz & Slaven,* for appellants.

LIVELY, JUDGE:

On May 3, 1927, the State Road Commission and county court of Mingo county presented its bill to the circuit judge for injunction against John B. Stepp, W. T. Manley, Fred Slater, W. J. Reedy, E. F. Randolph, D. V. Walker, G. F. Ferrell, W. O. Bivens, T. C. Stanley, D. E. Brown, D. Brown, J. F. Varney, Hubert Mulky, Mike Hofstetter, C. M. Gates, D. M. Gates, E. D. Dingess, H. Schwachter, D. R. Gates, M. V. Crigger, Mont Stepp, Andy New, Jr., Kenneth Stepp, Mrs. J. R. Maynard, Fairview Land Company, a corporation, Pigeon Creek Realty Company, a corporation, Day and Night Garage, a corporation, Lincoln Scaff, E. C. Dutton, C. A. Dutton, A. R. Maynard, and Sam Maynard, praying that defendants be enjoined from interfering with the construction of a state highway on certain lands deeded to the county court of Mingo county by N. & W. Ry. Co., by deed dated July 24, 1907, and for general relief. At the July term, 1927, a final decree was entered reciting that process and notice of the injunction had been served on all of the defendants and returned and filed in the clerk's office; that the cause was heard upon the verified bill and exhibits duly filed at rules; that none of defendants had made any appearance; that the cause had regularly matured for hearing; and that plaintiffs were entitled to relief as prayed for. The temporary injunction was thereupon perpetuated restraining defendants from interfering in any way with the construction of the state road known as state highway No. 8 through the two tracts of land described in the bill; and from exercising any act or dominion over any part of said two tracts, describing them by metes and bounds as parcels Nos. 1 and 2, being the same real estate conveyed by the N. & W. Ry Co. to the county court July 24, 1907. The cause was ordered to be omitted from the docket.

The present bill was filed at January rules, 1928, by John B. Stepp, W. T. Manley, Fred Slater, E. F. Randolph, W. O. Bivens, D. Brown, J. F. Varney, C. M. Gates, D. R. Gates, H. Schwachter, M. V. Crigger, Mont Stepp, Andy New, Jr., Kenneth Stepp, Mrs. J. H. Maynard, Fairview Land Com-

pany, a corporation, Lincoln Scaff, E. C. Dutton, C. A. Dutton, A. R. Maynard, and Sam Maynard, for themselves and others similarly situated against the Road Commission, county court, and Pigeon Creek Realty Company, the object of which is to set aside the decree above set out on the grounds that the bill on which the decree is based was not filed; no process had been issued thereon, and the cause had never matured; that no process had been served on either of complainants, and they had no knowledge that such a suit was pending, and did not learn of the decree until long after its entry and the adjournment of the July term, 1927; that the recitals in the decree that the bill had matured and process had been served were untrue; that complainants own separate parts of the real estate over which the road is built, and have a just defense; that the county court does own a part of the land over which the road runs; but that complainants own separate parts; that the entry of the decree was a fraud upon the court and upon complainants' rights and took from them properties without due process; and they prayed that the decree be set aside and vacated, and they be permitted to make defense to the purported bill filed against them. To this bill the commission and county court demurred on the ground that the plaintiffs therein were alleged to be separate owners and not owners in common, and that the bill does not allege a common source of title, therefore plaintiffs could not join in the bill; that the bill fails to show any interest of plaintiffs in the land or that they have a meritorious defense to the suit; that the bill contains no recital of fact from which fraud in the entry of the decree can be inferred; and that the recitals in the decree as to the court's jurisdiction are not subject to attack by mere denial that they were not true. They also answered the bill and denied specifically every material allegation. On the contrary, they averred that the bill was regularly filed and matured for hearing and that process was issued, served and returned upon each of defendants named therein prior to June rules, 1927; that defendants therein knew of the pendency of the suit long before the entry of the final decree and had employed counsel to represent them; and that the county court owns in fee the land in

controversy by virtue of the railroad company deed dated July 24, 1927, which is exhibited. The parties went to proof and on July 17, 1928, the court heard the case on the bill, joint answer, replication thereto, upon all the former orders, and the evidence; and entered the decree now complained of which sets aside, annuls and vacates the decree of August 3, 1927, entered in the injunction suit. This appeal followed.

No action seems to have been taken on the written demurrer, and the court having decided on the merits, it will be presumed that the demurrer was overruled. It will not be necessary to consider the demurrer.

The injunction bill and exhibits on which the decree of August 3, 1927, was based are not in the record. It is here contended by appellees that the said bill is not sufficient to sustain the decree. In its absence, and nothing being shown to the contrary, we must assume that it contained sufficient averments under oath and sufficient exhibits to warrant the decree. Appellees had the burden of proving that the court exceeded its power under the averments of the bill when they attacked the decree on that ground, the answer having denied the averment of their bill. Conjecture as to what the bill and exhibits contained in the way of charging ownership and possession of the land in controversy, does not discharge that burden. It is said that the injunction order purports to recite the substance of the bill. We do not so construe it.

The evidence is largely over the disputed fact that process on the injunction bill was issued and served, and whether appellees had any notice of the pendency of the suit. Many of the appellees say they were never served with process, but admit having been served with the notice of the temporary injunction. One or two of them say they were served, not only with notice of the injunction, but with summons to answer the suit. The sheriff and his deputies say that the summons as well as the temporary injunction order was served on certain of the appellees (all but four) naming them; and one of the deputies says he served the summons, on others whose names he did not recall. The evidence of the officers is to the effect that the process on the bill which came into their hands was served on all of the defendants therein

named. Unfortunately, the process with returns thereon, if any had been endorsed thereon, had been misplaced. It was stated at the bar of the court that they had been found pending this appeal, but not being before us we can know nothing of the contents or returns thereon. *Liberty Coal Co. et al.* v. *Bassett et al.,* handed down December 3, 1929; *Robinson* v. *Mays,* 76 Va. 708. This suit is to set aside a decree for want of jurisdiction to pronounce it because defendants were not served with process and had no notice of the suit either express or implied. That is the controlling issue. The decree itself declares that the verified bill and exhibits was duly filed at rules and was regularly matured for hearing; that process had been duly issued thereon by the clerk, served upon all of the defendants, and returned and filed in the clerk's office; and that the temporary restraining order theretofore issued had been likewise duly served on all the defendants and returned by the sheriff and filed in the clerk's office. The presumption is that the recitals in the decree are true; that the court had before it the process duly issued and served on all defendants, or other sufficient basis for the recitals. Some of our decisions say that the recitals are a verity and cannot be attacked by evidence extraneous to the record, notably that of *Central Dist., etc. Co.* v. *Parkersburg etc. Ry. Co.,* 76 W. Va. 120, wherein a default decree had been entered against the railway company, which appeared in the suit about one month after the entry of the decree, and sought to have it vacated on the ground that it had not been served with process. Upon the question of service, both parties submitted affidavits. (In this present case they submit depositions.) The decree in that case, as here, recited that process had been served on "all of the defendants", except Jack Hamilton. The court said: "The foregoing recitals are the solemn declarations of a domestic court of general jurisdiction upon a matter pertaining to its jurisdiction, and constitute a part of the record which is generally accepted as a verity. Unless contradicted by some other portion of the record itself, the recitals are final and conclusive on defendant. For reasons of public policy, the law will not permit the record to be overthrown by extrinsic evidence, except

for fraud or collusion. 1 Black on Judgments, sec. 273; *White* v. *White*, 66 W. Va. 82; *Jones* v. *Crim*, 66 W. Va. 301; and *Darnell* v. *Flynn*, 69 W. Va. 146. 'A recital in a decree that all the defendants had been duly summoned, is conclusive on appeal in the absence from the record of anything to the contrary.' *Moore* v. *Green*, 90 Va. 181; *Ferguson's Admr.* v. *Teel et al.*, 82 W. Va. 690; and *Hill* v. *Woodward*, 78 Va. 765." See *State* v. *Bailey*, 85 W. Va. 165. That holding is the corollary of the verity doctrine of the return of service on process served by the sheriff. If there be process in the record on which the sheriff has made return showing service on a defendant, under the verity rule that return could not be questioned by extraneous evidence; hence it followed that the court's decree stating that process had been executed and returned was likewise a verity. But we have receded from the verity rule as to the sheriff's return, where it clearly and convincingly appears that the return is false. See *Nuttallburg Smokeless Fuel Co.* v. *First National Bank*, 89 W. Va. 438, in which the reasons therefor are set out at length. The same reasons impel a modification of the doctrine of verity in the court's decree as to service and return of process, as exemplified in *Central Dist. etc. Co.* v. *Ry. Co.*, 76 W. Va. 120, above referred to. It is not necessary to repeat or elaborate those reasons here. But we were careful to say in the *Nuttallburg* case that the evidence to overthrow an alleged false return should be clear, satisfactory and convincing; and that if the party attacking the return had actual, presumptive or constructive notice of the pendency of the suit against him he could obtain no relief against a default judgment. As above stated, there is a strong presumption that the recitals of service on all the defendants in the decree attacked were based on fact. What have we here to rebut that presumption? Simply a controversy between certain of appellees and the sheriff's deputies. That the deputies were out serving the process is quite clear. At least one of plaintiffs below say such process was served on him. Practically all admit that the injunction order was served. That injunction order told defendants that a bill of complaint had been filed against them. There is also evidence tending

to show that some of appellees had consulted and employed counsel to represent them prior to the rendition of the decree. The evidence of non-service is not clear, cogent and convincing, and is not sufficient to rebut the presumption of verity in the decree. Moreover, it is quite clear that appellees had notice that some kind of suit was pending against them by which they were enjoined from interfering with the building of the road on land which they now claim. It is argued that the bill was never filed in the clerk's office and no action at rules was taken on it. It is stipulated that the bill (which is not in this record) was not marked filed by the clerk, and that rules were not made up on it. It appears, however, that the assistant prosecuting attorney, who had charge of the cause, did present the bill to the clerk's office and left it therein, calling the attention to those in charge thereto. The bill seems to have been misplaced, and the clerk says it was not in his office when he made up the rules on the bills at the next rule day. It is further stipulated that some time after the adjournment of the July term, after a search of several days the bill was found by an attorney in the office of counsel for appellees, and that it bore no endorsement of having been filed. Where and under what circumstances the lost bill was found does not appear. It is stipulated that the bill was actually filed in the clerk's office by the assistant prosecuting attorney. The endorsement of the clerk would have been better evidence in writing of the actual fact. It was not incumbent on the prosecuting attorney to stand by to see that the clerk so endorsed the filing. He could reasonably presume the clerk would do his statutory duty. *Darnell* v. *Flynn*, 69 W. Va. 146, 149; *Dwight* v. *Hazlett*, 107 W. Va. 192, 147 S. E. 877. See *Lumber Co.* v. *Coal Co.*, 101 W. Va. 567, page 577. Moreover, the court has said judicially that the bill was filed and duly matured for hearing. Ample power is given the court under the statute to correct any omissions, errors or mistakes in the rules made by the clerk or otherwise. As was said in *Wohlford* v. *Trinkle*, 90 Va. 227, 231, in discussing the duties and actions of the clerk: "Nothing, therefore, could have been further from the intention of the legislature than to make the jurisdiction of the court de-

pendent upon the regularity of the proceedings in the office.''
See Kittle on Rule Days, secs. 17 and 18; *Darnell* v. *Flynn*,
69 W. Va. 146; *Moore* v. *Moore*, 81 W. Va. 17; *So. Express
Co.* v. *Jacobs*, 109 Va. 27; and *Central Dist.* v. *Ry Co., supra.*

Appellees say that they were in possession of a part of the
land on which the road was built and had title thereto, as
appears from the evidence, therefore, the court had no juris-
diction to enjoin them from exercising acts of dominion over
it. As before observed, the bill and exhibits on which the
decree sought to be set aside, is not before us. Besides, the
answer in this suit sets up a fee simple title to the land on
which the road is built, exhibiting deed therefor, and denies
specifically that appellees had any interest therein. Appellees
have attempted to maintain this issue on their part by testi-
fying that they own and were in possession of separate por-
tions of the land on which the road was built. They do not
set up title except by word of mouth. Besides, this question
of title and possession was a proper issue in the injunction
suit, of which appellees had notice, and now comes too late
to be of avail against the decree.

The decree will be reversed, and an order here entered
dismissing the bill.

*Reversed, bill dismissed.*