KATHERINE ANDERSON *v.* LEWIS W. ANDERSON

(No. 8830)

Submitted February 21, 1939. Decided March 7, 1939.

*Ogden & Ogden,* for appellant.

MAXWELL, JUDGE:

The plaintiff appeals from a decree of the circuit court of Marion County denying her a divorce from her husband, the defendant.

The statutory ground relied on by the plaintiff for divorce is desertion. The proof adduced by her fully sustains the charge.

Relief was denied the plaintiff seemingly on the ground that the circuit court of Marion County was without jurisdiction to hear and determine the cause.

The plaintiff is a resident of the stated county and had resided therein for more than one year immediately prior to the institution of this suit. Process against the defendant was executed in that county by posting at the front door of his usual place of abode. Return was properly made by a deputy sheriff. Before the case was submitted for decision, the defendant filed an answer admitting that the posted summons had been promptly de-

livered to him by his uncle who was the householder where the summons was posted, and that when he (defendant) is in West Virginia, his place of abode is at the home where the summons was posted. By his answer the defendant does not deny the charge of desertion, but pleads his inability, because of lack of employment, to pay costs and alimony in substantial amount. The filing of this answer by the defendant may be suggestive of collusion between him and the plaintiff, but neither that suspicion nor anything in the record warrants an adjudication of collusion between the parties.

The deputy sheriff's return that he served the summons by posting at the front door of the defendant's "usual place of abode" has not been brought in question by the divorce commissioner for misrecital of fact. Nor could such attack successfully be made in the light of the defendant's admission that he received the summons. The verity of a return may be attacked only where the affected party had no notice of the pendency of the suit. *Stepp* v. *Road Commission,* 108 W. Va. 346, 352, 151 S. E. 180. There seems to have been some doubt created respecting the defendant's place of residence because he had been working in the state of Pennsylvania. But absence from home while engaged in employment does not necessarily change the situs of one's residence.

Our divorce statute provides: "The suit for annulling or affirming a marriage, or for divorce, shall, if the defendant be a resident of this State, be brought in the county in which the parties last cohabited, or, at the option of the plaintiff, in the county in which the defendant resides * * * ." Code, 48-2-9. The parties at bar last lived and cohabited as husband and wife in the county of Barbour, so that the jurisdictional basis of last-cohabitation is eliminated from the case. On the ground that the defendant was a resident of Marion County the venue of the suit was properly laid in that county.

There can be no question of the Marion County circuit court's jurisdiction of the subject matter, because, in this state, a circuit court's jurisdiction of divorce suits is con-

ferred by statute. Code, 48-2-6. Jurisdiction of parties is, of course, a different thing from that of subject matter. Where a court has jurisdiction of the substance of a suit, a party defendant may waive the right to challenge the court's jurisdiction of his person. *Yates* v. *Taylor County Court,* 47 W. Va. 376, 35 S. E. 24. This general rule is applicable to divorce cases. 17 Am. Jur., p. 301.

Was the defendant properly before the court so that there was jurisdiction of his person? We answer in the affirmative for two reasons, either of which would be conclusive: first, because the officer's unimpeached return of service disclosed that process had been served by posting, in Marion County, at the defendant's usual place of abode; and, second, because of the defendant's answer which necessarily had the effect of subjecting the respondent to the jurisdiction of the court. The basic purpose of all process is to furnish formal notice to the party affected that he is being proceeded against in court, and to afford him opportunity to defend his rights. That primary object of process was fully accomplished in this suit.

As stated, the plaintiff sustained by proof the ground of divorce alleged by her. We perceive no jurisdictional reason why a divorce should be denied her.

The decree of the trial court is reversed and the cause remanded for further proceedings in accord herewith.

*Reversed and remanded.*