### McCULLOCH v. WOODWARD et al.

### No. 6427.

Court of Civil Appeals of Texas. Texarkana.

March 17, 1949.

Rehearing Denied April 14, 1949.

730

Howard S. Smith, Sulphur Springs, John A. Hicks, Sulphur Springs, for appellant.

Ramey A. Smith, Sulphur Springs, for appellees.

WILLIAMS, Justice.

In this suit filed November 21, 1947, by appellees, Maude Woodward and husband, J. W. Woodward, they attack the validity of a judgment theretofore entered in the District Court of Hopkins County some seven years previous thereto, on May 27, 1940, and a sheriff's deed executed to appellant Gordie McCulloch, defendant below, pursuant to the order of sale issued out of and by virtue of above judgment. (This deed was recorded November 5, 1940, in the deed records of Hopkins County.) Upon a trial to the court, the judgment entered decreed the 1940 judgment and deed "to be null and void and of no force and effect"; in all things set aside; and title to the one-tenth undivided interest in the 120 acre tract decreed to be vested in Maude Woodward and out of Gordie McCulloch, the purchaser named in the sheriff's deed.

Appellees' sole attack upon the validity of the former judgment rests upon their claim that her husband was not served with citation, and therefore no binding judgment could have been entered so as to support the former decree foreclosing a tax lien on the tenth interest that she previously thereto had inherited. All the original court papers in the former suit are lost. It was agreed that J. W. Woodward and Jim Woodward was the same person.

The judgment so attacked by appellees recites that "Mrs. Maude Woodward and Jim Woodward were duly served with process by personal service herein" and "did file their answer." J. P. Posey, a deputy sheriff of Lubbock County, Texas, by deposition testified that as such officer he served Mrs. Woodward with citation on April 4, 1940, at her home about a mile south of Idalou in Lubbock County. He further testified that he served Jim Woodward at the same place; that he went to the Woodward home to serve them both but Mr. Woodward was not at home, so he served her, and came back four days later and served him on the 8th. Mrs. Shearer, office deputy sheriff of Lubbock County, so employed for eleven years, including above dates, testified that she kept a record of all process received in the office and all returns made by the officers. A photostatic copy of the office record which reflects the receipt of the process here involved, its description and officer's return thereon as made by her at the time, together with entries of other process appearing on that page, was introduced. This discloses: "Mr. and Mrs. Jim Woodward, Idalou, served by Jas. P. Posey, on April 4, 8, 1940; returned 4, 8, 40; fee $2; citation delq. tax; No. 921, The State of Texas v. T. C. McCulloch, et al."

It was Mrs. Woodward's testimony that above officer served her with citation on April 4, 1940, as he states, and that he made two trips to her home to serve her husband, and on April 8, the date of his second visit, he left a copy with her to give to her husband; and that her husband was not at home on either date. Mr. Woodward claims he was in Utah on April 8, with a truckload of onions, having left his home a few days previous to April 8, and not returning on the trip until several days after this date; and that he was never served with citation. Both denied they had employed any attorney to file an answer. An examination of this record does not disclose any other fact or circumstances than herein detailed to corroborate above verbal evidence of these interested parties.

■■ "It is now settled that to impeach such a return, the testimony of one witness is not sufficient, that his testimony must be strongly corroborated, and that the proof must be clear and satisfactory." Johnson v. Cole, Tex.Civ.App., 138 S.W.2d 910, 912, and cases there collated. Under above well settled rules of decision in Texas, the

testimony of Mr. Woodward as herein briefly summarized, standing alone or when weighed with the testimony of his wife fails to meet the quantum of proof legally required to impeach the solemn recitals of service and appearance in the former judgment. They were both defendants in the former action. They are both plaintiffs here. Mr. Woodward seeks to corroborate his claim that he wasn't served by one who would be beneficially affected in the action. The record reflects that seven years passed without a move, after Mrs. Woodward was served with citation and had further been advised through letters that a tax suit was pending or would be filed. "In reaching this conclusion, we are not unmindful of the rule that in ordinary cases where an issue of fact is determined by a trial court or jury the same is binding upon this court. This is so where the question of credibility of the witnesses is the matter for determination, or where the weight of the evidence or the contradictions between witnesses is the matter for solution; but, as said by the Supreme Court of this state and all the Courts of Civil Appeals following it, the issue in this case is not one of ordinary fact." Joseph v. Kiber, Tex.Civ.App., 260 S.W. 269, 273; Wedgeworth v. Pope, Tex.Civ. App., 12 S.W.2d 1045, 1049, w/r; 33 Tex. Jur. (Process and Notices), Sec. 78. "If the judgments of our courts may be set aside, after having stood for years, on such evidence, there will indeed be no end to litigation, no certainty arrived at by an adjudication." Randall v. Collins, 58 Tex. 231; McBride v. Kaulbach, Tex.Civ.App., 207 S.W. 576, 580.

The judgment will be reversed and remanded.

### On Motion for Rehearing.

In the absence of the citation with officer's return, appellees contend that the disposition of the suit is not to be measured by the quantum of proof required to impeach an officer's return showing service but should be governed by the rule applied in ordinary cases as to the fact findings of the trial court, there being some evidence to support same. This record will not support above contention that a lesser degree of proof would be sufficient to impeach a solemn recital in the judgment that service was timely had, especially when coupled with the positive testimony of the officer that he served same. Stepp v. State Road Com., 108 W.Va. 346, 151 S.E. 180, 182; 49 C.J.S., Judgments, § 393, p. 784.

Appellees vigorously assert that the holding in Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, w/r, sustains the trial court's judgment. After a careful reexamination of the evidence here we adhere to our former conclusions that the corroborating evidence under the rule stated 210 S.W. on page 733 is insufficient as a matter of law to impeach or overcome the presumption that Mr. Woodward was served as recited in the judgment. Johnson v. Cole, supra. To corroborate Mr. Woodward, the court must look to the testimony of his wife, a defendant in the former suit, a plaintiff here. It is her interest in the land here involved. She admits she was served with the citation in 1940 and that letters passed between them about the tax suit. Litigants visited through the years. She was present when her father died in 1941, and attended his funeral. During the period of seven years she, according to her testimony, never inquired about the tax suit, never made an effort to pay any part of the taxes, never inquired about the land or attempted to dispose of any interest in it. The three taxing units declared upon eight years delinquent taxes in their suit filed in 1940, which with interest and penalties then amounted to $194.53. A part of the land is situated four miles from Sulphur Springs on the Como-Winnsboro highway. With numerous persons present, appellant bid in the interest, his being the only bid. Other than this the evidence fails to reflect the value of the land. No fraud is shown. None was pleaded.

Motion for rehearing is respectfully overruled.