# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**VICTORIA HECKER,**
**Petitioner Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-15** (Fam. Ct. Monongalia Cnty. No. 21-D-365)

**KATHY MCINTIRE,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Victoria Hecker appeals the Agreed Final Order of Divorce entered by the Family Court of Monongalia County on July 6, 2022.[1] Ms. Hecker asserts that the divorce order should be vacated due to lack of jurisdiction and the family court's failure to require that a financial statement be filed by both parties.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on August 15, 2013, and resided in a home they owned in Morgantown, Monongalia County, West Virginia. On September 10, 2021, the parties purchased an additional home in Westmoreland County, Pennsylvania. Between September 10, 2021, and February 17, 2022, they traveled back and forth between Monongalia County and Westmoreland County. However, according to a pleading Ms. Hecker filed in circuit court,[3] they primarily resided in Monongalia County during this

---

[1] Ms. Hecker is represented by Jeremy B. Cooper, Esq. and Kristen Antolini, Esq. Ms. McIntire is represented by Scott Curnutte, Esq.

[2] For the reasons explained in this Court's Order entered on October 31, 2022, the Court rejected response briefs submitted by Ms. McIntire's counsel.

[3] Ms. Hecker's Petition for Separate Maintenance, filed on April 18, 2022, provides that "[t]he parties primarily resided at [a specific address in] Morgantown, Monongalia County, West Virginia, until February 17, 2022."

1

time. According to an agreed order signed by the parties in these proceedings, they both resided in Monongalia County.[4]

Ms. Hecker filed a Petition for Divorce and a financial statement on November 16, 2021, in the Family Court of Monongalia County. She alleged that she was entitled to a divorce on the grounds of irreconcilable differences under West Virginia Code § 48-5-202 (2001). Although she filed her petition in Monongalia County, the petition alleged that the parties had moved to Westmoreland County on September 10, 2021. The petition also stated that prior to the move, they had resided in Monongalia County for more than a year. At the time of filing, Ms. Hecker noted that the parties' assets totaled over one million dollars. Ms. Hecker requested both temporary spousal support and permanent spousal support.

An initial hearing was held on March 23, 2022. At that time, the parties appeared jointly and indicated their intent to proceed with an action for separate maintenance as opposed to divorce. On April 4, 2022, the family court held a hearing to confirm both personal and subject matter jurisdiction over the case. On April 8, 2022, Ms. Hecker filed a Motion to Amend the Divorce Petition to request an action for separate maintenance, which was granted by the family court. The Motion to Amend the Divorce Petition affirmed that the parties' primary residence remained in Monongalia County as construction was occurring on their home in Westmoreland County. On April 20, 2022, the parties convened for a settlement conference to reach an agreement on the Petition for Separate Maintenance.

The parties reached a full agreement that was reflected in an Agreed Final Order signed by both parties, personally, and by their respective counsel. The family court entered the Agreed Final Order on April 21, 2022. On the same day, Ms. Hecker withdrew a substantial sum from one of the parties' joint checking accounts. Ms. McIntire opposed this withdrawal, which was not contemplated in the settlement agreement. Based upon the actions of Ms. Hecker, the family court vacated the Agreed Final Order and determined that it was appropriate to revert the case back to a divorce action. On July 6, 2022, the family court entered an Agreed Final Order of Divorce, granting the parties a divorce and dividing their assets.

Ms. Hecker appeals the July 6, 2022, divorce order. This Court's standard of review is as follows.

> "In reviewing . . . a final order of a family court judge, we review the
> findings of fact made by the family court judge under the clearly erroneous

---

[4] Paragraph 1.b. of an Agreed Final Order signed by both parties, and entered by the family court on April 21, 2022, provides that Ms. Hecker "was a bona fide resident of West Virginia and was such for more than one year preceding the filing of this action. Both parties resided in Monongalia County as of the date of filing of this action."

standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __ S.E.2d __, 2022 WL 17098574, at *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

In her first assignment of error, Ms. Hecker argues that the family court did not have jurisdiction over the divorce action because the parties moved to Pennsylvania and only temporarily resided in Monongalia County between September 10, 2021, and February 17, 2022. Ms. Hecker asserts that the primary determinant of domicile is the intention of the party regarding permanent living arrangements, rather than temporary physical presence, and her intention was to be domiciled in Pennsylvania. Upon review, we find Ms. Hecker's assignment of error to lack merit. It is unclear whether she is complaining about lack of personal or subject matter jurisdiction, but the record establishes that the family court had both.

West Virginia Code § 48-5-103(a) (2001) provides that regardless of where a marriage was celebrated, "[i]f one or both of the parties is domiciled in this state at the time the action is commenced, the circuit courts and family courts have jurisdiction to grant a divorce[.]" Further, pursuant to West Virginia Code § 48-5-105(a)(2)(B) (2001), "if the marriage was not entered into within this state, an action for divorce is maintainable if the residency has continued uninterrupted through the one-year period immediately preceding the filing of the action."

The Supreme Court of Appeals of West Virginia has established that personal jurisdiction may be conferred by consent. *See, e.g., In re C.S. and B.S.*, __ W. Va. __, __, 875 S.E.2d 350, 362 (2022). Furthermore, "where a court has jurisdiction over the substance of a suit, a party defendant may waive the right to challenge the court's jurisdiction of his person." *Anderson v. Anderson*, 121 W. Va. 103, 1 S.E.2d 884 (1939), *citing Yates v. Taylor County Court*, 47 W. Va. 376, 35 S.E.2d 24 (1900). This general rule is applicable to divorce cases. Syl. Pt. 2, *Anderson*, 121 W. Va. 103, 1 S.E.2d 884. In this case, Ms. Hecker was the plaintiff and she purposely availed herself of the personal jurisdiction of the Family Court of Monongalia County by initiating this proceeding in that court.

Further, the documents Ms. Hecker filed in family court led the court to confirm both subject matter jurisdiction and personal jurisdiction. In the April 21, 2022, Agreed Final Order that Ms. Hecker signed, and the family court entered, Ms. Hecker admitted that she was a bona fide resident of West Virginia for more than one year preceding the filing of this action, as required by West Virginia Code § 48-5-105(a)(2)(B), and that both parties resided in West Virginia on the date of the filing of this action, which satisfies West

3

Virginia Code § 48-5-103(a). Further, Ms. Hecker alleged in her Verified Petition for Separate Maintenance that the parties primarily resided in Morgantown during this period, to which Ms. McIntire admitted. The parties met the requirements for the family court to have jurisdiction, and we find no error.

Ms. Hecker raises a second assignment of error involving the family court's failure to require Ms. McIntire to file a financial statement as required by the Rules of Practice and Procedure for Family Court. Ms. Hecker concedes that she did not raise this issue below, but argues that she did not affirmatively waive the right to view Ms. McIntire's financial statement. Ms. Hecker argues that the final divorce order should be vacated for proper disclosure to take place.

Ms. Hecker's failure to raise this issue prior to entry of the Agreed Final Order of Divorce is fatal to her appeal. Appellate courts will not decide nonjurisdictional questions raised for the first time on appeal. *See*, *e.g.*, Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971). The agreed final divorce order divides both parties' property, indicating that Ms. Hecker was aware of Ms. McIntire's assets. Further, both parties acknowledged to the family court that the other had filed a financial statement and that all assets and debts were adequately disclosed. Indeed, the agreed final divorce order states that the parties' financial affidavits were considered.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4